THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIMEON SIMPKINS, Appellant, v. HYMAN S. BARAHAL, as Acting Superintendent of Pilgrim State Hospital, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Suffolk County, dated November 3, 1960, which dismissed the writ after a hearing, and remanded him to the custody of respondent. Order affirmed, without costs. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

BOLESLAW ROMATOWSKI, Appellant, v. MURRAY GREENMAN, Doing Business as DURALUMINUM MANUFACTURING COMPANY, et al., Respondents.— In a negligence action to recover damages for personal injuries sustained by the plaintiff in a fall from an allegedly defective ladder, manufactured by defendant Greenman, and thereafter sold by defendant Acme Scaffold Company, Inc., to the plaintiff's employer, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered December 5, 1960 upon a jury verdict in favor of defendants, after trial. Judgment reversed on the law and the facts and a new trial granted, with costs to plaintiff to abide the event. In our opinion, the trial court's charge to the jury was seriously prejudicial to plaintiff's case, and deprived him of a fair trial. In the interests of justice a new trial is required. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

JOHN ROMITO et al., Respondents, v. BOURJOIS, INC., Appellant.— In an action to recover damages for personal injuries, medical expenses and loss of services resulting from the use of a body deodorant manufactured and sold by defendant, the defendant appeals from an order of the Supreme Court, Queens County, dated December 19, 1961, which, inter alia, granted plaintiffs' motion to examine defendant before trial. Order modified: (a) by striking out all the decretal paragraphs except the fifth, which provides that plaintiffs' motion for a discovery and inspection is denied; and (b) by substituting a paragraph denying plaintiffs' motion for examination before trial and for production of books, records, etc., under section 296 of the Civil Practice Act. As so modified, order affirmed, with $10 costs and disbursements to defendant. Plaintiffs filed their note of issue and their statement of readiness on November 23, 1959. They made no effort to obtain an examination of defendant before trial until they made a motion therefor about a year and a half thereafter (a motion previous to the one upon which the order presently reviewed was made). In our opinion, the record does not justify the conclusion that the necessity, if any, for an examination before trial, resulted from unusual and unanticipated conditions which developed subsequent to the filing of the statement of readiness (see former Special Rules, Appellate Division— Second Department, Special Readiness Rule, subd. 9, par. c). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.